Case 4:20-cv-01843   Document 21   Filed on 10/20/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DOUGLAS ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1843 |
| | § | |
| KERI BLAKINGER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

The plaintiff, Mark Douglas Adams, is an inmate in custody of the Texas Department of Criminal Justice ("TDCJ"). He sued the editors at the Houston Chronicle and Austin American-Statesman and a United States Representative under 42 U.S.C. § 1983, alleging violations of his civil rights.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no valid claims, the court must dismiss the complaint.

Adams alleges that he wrote letters to the editors of the Houston Chronicle and Austin American-Statesman regarding a lawsuit he filed against several government officials, including United States Representative Louie Gohmert. He received no response and states that the lack of response leads him to infer that government officials have pressured the newspapers not to report on his lawsuit. *See* Declaration (Docket Entry No. 2). He sues editors of the two newspapers and Congressman Gohmert, presumably on the theory that their alleged actions violate his rights under the First Amendment.

Adams identifies no right to have privately owned newspapers report on his lawsuit and alleges no facts supporting his supposition that the editors did not respond to his letter because of pressure by government officials.

> In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). "Conclusory allegations and unwarranted deductions of fact are not admitted as true" . . . . *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974).

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Adams fails to identify any violation of his constitutional rights, and his claim rests entirely on conclusory allegations and unwarranted deductions of fact.   He therefore fails to state a claim on which relief can be granted. This case is dismissed as frivolous under 28 U.S.C. § 1915A.   This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).   Adams's motion for appointment of counsel, (Docket Entry No. 5), is **denied**.   The Clerk will forward a copy of this Order to: **Three_Strikes@txs.uscourts.gov**.

SIGNED on October 20, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge